UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re:<br>    MELVIN THOMPSON,<br>        *Debtor* | : <br> : <br> : <br> : <br> : | Case No.:  22-30569 (AMN)<br>Chapter 7 |
| MELVIN THOMPSON,<br>        *Plaintiff*<br>v.<br>UNITED STATES DEPARTMENT<br>OF EDUCATION, and<br>INTERNAL REVENUE SERVICE,<br>        *Defendants.* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Adv. Pro. No. 22-3011 (AMN)<br><br><br><br>Re: AP-ECF No. 22[1] |

**MEMORANDUM OF DECISION AND ORDER**
**DISMISSING ADVERSARY PROCEEDING COMPLAINT**

*APPEARANCES*

| | |
|---|---|
| Melvin Thompson<br>58 Marshall Lane<br>Derby, CT 06418 | *Self-Represented Plaintiff* |
| Lauren M. Nash, Esq.<br>Julie G. Turbert, Esq.<br>Assistant United States Attorneys<br>United States Attorney's Office<br>157 Church Street, 25th Floor<br>New Haven, CT 06510 | *Counsel for the Defendants,*<br>*United States Department of Education,*<br>*Internal Revenue Service* |

I.     **INTRODUCTION**

Before the court is a motion filed by the defendants, the United States Department

of Education ("DOE") and the Internal Revenue Service ("IRS" and collectively, the

---

[1]     Citations to the docket of this adversary proceeding, Case No. 22-3011 are noted by "AP-ECF No. __." Citations to the docket of the Chapter 7 case of Melvin Thompson, Case No. 22-30569 are noted by "ECF No. _"

1

"defendants") seeking dismissal of this adversary proceeding brought by the plaintiff-debtor, Melvin Thomson ("debtor" or "plaintiff"), because of a lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), made applicable to this adversary proceeding by Fed.R.Bankr.P. 7012(b).  AP-ECF No. 22.  The plaintiff, representing himself, commenced this adversary proceeding asserting, generally, that the defendants violated his constitutional rights by offsetting tax refunds with amounts owed on defaulted student loans and by failing to properly process IRS Form 8857.  The plaintiff broadly asserts jurisdiction for his claims exist pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 11 U.S.C. § 105(a), and the Tucker Act (28 U.S.C. § 1491) or Little Tucker Act (28 U.S.C. § 1346).  For the reasons set forth in this Memorandum of Decision, the court concludes none of the proposed sources provide a basis for this court to exercise jurisdiction over the plaintiff's claims, and accordingly, the motion will be granted.

II. **RELEVANT PROCEDURAL HISTORY**

On September 19, 2022, the plaintiff filed a voluntary Chapter 7 petition ("Petition Date").  ECF No. 1.  The plaintiff did not disclose in his bankruptcy schedules any debt owing to either defendant, nor any claim against the DOE or the IRS.  ECF No. 9. Because this case was filed as a "no asset case" and because the Chapter 7 Trustee after investigation indicated there were no assets to be collected or received by the estate, no proof of claim deadline was set, and no proofs of claims were filed.  *See*, ECF Nos. 1, 19, 21.  Thereafter on January 25, 2023, the plaintiff received a Chapter 7 discharge. ECF No. 58.

Approximately one week after the Petition Date, the plaintiff commenced this adversary proceeding by filing a four-count complaint against the defendants.  AP-ECF

No. 1. The plaintiff asserted the defendants violated his constitution rights by (1) improperly offsetting income tax refunds owed to him and his spouse over multiple years in amounts exceeding $18,000; and (2) failing to process his request for innocent spouse relief. AP-ECF No. 1. The debtor asserted this court has jurisdiction to hear his claims pursuant to 15 U.S.C. §§ 1692(d), (e), (g) and Fed.R.Bankr.P. 7001. AP-ECF No. 1, ¶ 1. Sections 1692(d), (e), and (g) of Title 15 are part of the Fair Debt Collection Practices Act ("FDCPA"). In his prayer for relief, the plaintiff seeks over $180,000 in actual, punitive, and treble damages. AP-ECF No. 1, p. 14.

The defendants moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) the claims asserting the court lacks jurisdiction because: (1) the FDCPA does not contain an express waiver of sovereign immunity; (2) the IRS and DOE do not fall within the FDCPA's definition of "debt collectors;" and (3) § 6402(g) of Title 26 precludes courts from reviewing claims against the IRS related to offset of tax refunds. AP-ECF No. 22.

In his objection to the motion to dismiss, the plaintiff asserted two new and additional sources for this court's jurisdiction pursuant to 11 U.S.C. § 105(a)[2] and the Tucker Act. AP-ECF No. 29. The court notes the plaintiff cited to 28 U.S.C. 1346, which is known as the Little Tucker Act, compared to the Tucker Act found at 28 U.S.C. § 1491. The plaintiff did not provide any arguments supporting his assertion of jurisdiction under the FDCPA, nor did he point to any waiver of sovereign immunity that would allow his claims to proceed.

---

[2]  The Bankruptcy Code is found at Title 11, United States Code. Unless otherwise stated, references to code sections are to the Bankruptcy Code.

3

In reply, the IRS and DOE argue neither of the newly asserted sources of jurisdiction – Bankruptcy Code § 105(a) and the Tucker Acts – provide a basis for this court's jurisdiction over the plaintiff's claims. AP-ECF No. 30.

### III. BACKGROUND FACTS

The following background facts are taken from the complaint except no favorable inference is drawn regarding the assertion of jurisdiction. In resolving a motion to dismiss under Rule 12(b)(1), "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation omitted). Nevertheless, "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *D.J.C.V. v. U.S.*, 605 F. Supp. 3d 571, 586–87 (S.D.N.Y. 2022)(*citing, APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).

At some point prior to the Petition Date, the plaintiff borrowed money from the DOE in the form of student loans. AP-ECF No. 1, ¶¶ 20, 21, 25. The student loans are owed only by the plaintiff and were incurred before the plaintiff married his spouse. AP-ECF No. 1, ¶¶ 20, 21. The plaintiff does not dispute the debt is owed or that he at times he did not make timely payments. AP-ECF No. 29, p. 1. At some point in time, the DOE determined the plaintiff was in default on payment of his student loans. AP-ECF No. 1, ¶¶ 20, 21, 25. After being married, the plaintiff and his spouse filed joint federal income tax returns. AP-ECF No. 1, ¶ 22.

The DOE informed the IRS that the student loans were in default and could be collected through the Treasury Offset Program. The Treasury Offset Program ("TOP") is a federal program that allows the Department of the Treasury ("Treasury") to collect

4

delinquent non-tax debts owed to the federal government. *See,* 31 U.S.C. §§ 3716, *et seq*. Thereafter, the IRS withheld amounts from the tax refunds owed to the plaintiff and his spouse for multiple years – possibly for more than a decade. AP-ECF No. 1, ¶ 19, 33. The plaintiff believes the amounts owed on the student loans have been paid and the continued offset of the tax returns was unjustified. AP-ECF No. 1, ¶ 31; AP-ECF No. 29.

The plaintiff attempted to dispute the offset of his and his spouse's tax refunds by submitting IRS Form 8857 (Innocent Spouse Relief from Tax Liability). AP-ECF No. 1, ¶ 20-23. But the IRS allegedly failed to properly process the plaintiff's request.

The plaintiff asserts the defendants violated his constitutional rights by failing to:

- provide opportunity for entering into a payment plan to address his student loan debt;

- provide proper notice and opportunity to be heard before offsetting an income tax refund due to him and his spouse;

- properly process Form 8857 – Innocent Spouse Relief from Tax Liability upon submission;

- respond to the plaintiff's requests to process Form 8857 or provide a rejection letter;

- respond to the plaintiff's request for an accounting of the balance of the student loans and the amounts applied from the offsetting of tax returns; and

- meet with the plaintiff to discuss his student loan default.
AP-ECF No. 1, ¶¶ 18-25, 32-33, 44-47.

## IV.  APPLICABLE LAW

### a. Standard on Motion to Dismiss

A "court properly dismisses an action under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" *Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.a.r.l*, 790 F.3d 411,

416–17 (2d Cir. 2015)(*citing, Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000)). In resolving a motion to dismiss under Rule 12(b)(1), "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006)(citation omitted). Nevertheless, "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *D.J.C.V. v. U.S.*, 605 F. Supp. 3d 571, 586–87 (S.D.N.Y. 2022)(*citing, APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)). In contrast to a 12(b)(6) motion for failure to state a claim, when deciding a 12(b)(1) motion for dismissal based on lack of subject matter jurisdiction, the court should not draw "argumentative inferences" in favor of the party asserting jurisdiction. *A. Mut. Ins. Co. v. Balfour Maclaine Intern. Ltd.,* 968 F.2d 196, 198 (2d Cir. 1992).

"[A] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Vidurek v. Koskinen*, 789 Fed. Appx. 889, 892 (2d Cir. 2019)(*summary order*)(*citing, Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000)). A "court may refer to evidence outside the pleadings when resolving a 12(b)(1) motion." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022)(internal citations omitted). A case must be dismissed if "the Court determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3).

In considering dismissal, the court notes, "[t]he Second Circuit has repeatedly advised leniency and liberality in construing pleadings filed by *pro se* litigants." *Young v. Choinski,* 15 F.Supp. 3d 194, 207 (D. Conn. 2014). "*Pro se* submissions are reviewed with 'special solicitude' and 'must be construed liberally and interpreted to raise the

6

strongest arguments that they suggest.'" *Commissiong v. United States Dep't of Hous. & Urb. Dev.*, No. 21-556, 2022 WL 1715978, at *1 (2d Cir. May 27, 2022)(summary order)(*quoting Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

### b. Sovereign Immunity

A federal court will only have jurisdiction to hear claims against the United States and its agencies or departments if there has been a specific waiver of sovereign immunity. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued[,] and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *AmBase Corp. v. U.S.*, 731 F.3d 109, 118 (2d Cir. 2013)(citing, *United States v. Testan*, 424 U.S. 392, 398-399 (1976). If sovereign immunity is not waived, a court lacks jurisdiction. *See, Wake v. United States*, 89 F.3d 53, 57 (2d Cir.1996) (explaining that sovereign immunity is "jurisdictional in nature," thus where a waiver of sovereign immunity does not apply, a suit should be dismissed under Fed.R.Civ.P. 12(b)(1)). Because a suit against a federal agency is "essentially a suit against the United States," such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived. *Spinale v. U.S. Dept. of Agric.,* 621 F. Supp. 2d 112, 117 (S.D.N.Y. 2009)(*citing, Robinson v. Overseas Military Sales Corp*., 21 F.3d 502, 510 (2d Cir. 1994)).

### c. The Fair Debt Collection Practices Act and Sovereign Immunity as to Claims Pursuant to Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act ("FDCPA") authorizes private civil actions against debt collectors who engage in certain prohibited practices. 15 U.S.C. § 1692k(a); *Rotkiske v. Klemm*, 140 S.Ct. 355 (2019). Among the purposes of the FDCPA is "to eliminate abusive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

7

disadvantaged." 15 U.S.C. § 1692. The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a. Subsection 1692(6)(c) expressly excludes from the definition of a debt collector "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). Courts interpreting this subsection have consistently held that government agencies are excluded from the definition of a debt collector under the FDCPA. *See*, *United States v. Deuerling*, 210 F.Supp.3d 717, 722-723 (dismissing FDCPA claims against the Department of Education, the Department of Treasury, and the Department of Justice because of their status as United States government agencies); *see also, Oakley v. Williams*, No. 1:20-cv-01336-CMA-NYW, 2021 WL 4173908, at *19 (D. Colo. Feb. 2, 2021) (concluding the Colorado Department of Corrections was not a "debt collector" under § 1692a(6)(C)); *Geiger v. Fed. Bureau of Prisons*, 487 F. Supp. 2d 1155, 1157 (C.D. Cal. 2007) (holding that the Consumer Credit Protection Act ("CCPA"), which encompasses and shares definitional terms with the FDCPA, was inapplicable to plaintiff's claims "because [the federal Bureau of Prisons] is not a 'debt collector' within the meaning of CCPA" (citing § 1692a(6)(C)); *Hawes v. Lee*, No. 1:05-CV-00134, 2005 WL 8165094, at *2 (M.D.N.C. Dec. 6, 2005) (holding that FDCPA claims against County Department of Social Services failed, noting that " 'debt collector' exception also applies to government agencies attempting to collect debts in the performance of their official duties").

Similarly, courts have held that suits against the United States and its agencies are barred because the FDCPA does not contain an express waiver of sovereign immunity. *See, Ojo v. U.S.,* 20-CV-4882 (MKB), 2020 WL 7262853, at *4 (E.D.N.Y. Dec. 9, 2020)(the plaintiff's FDCPA claims against the United States and the Department of Justice are barred by sovereign immunity); *Kozaczek v. New York Higher Educ. Servs. Corp.*, No. 10-CV-107, 2011 WL 3687379, at *3 (D. Vt. Aug. 23, 2011) ("Courts have therefore determined the FDCPA does not contain an express and unequivocal waiver of state sovereign immunity."), *aff'd*, 503 F. App'x 60 (2d Cir. 2012); *see also, Dumas v. GC Services, L.P.*, 18-12992, 2019 WL 529260, at *3 (E.D. Mich. Feb. 11, 2019)("Court will not assert jurisdiction over [the] claim under the FDCPA against the government in accordance with the longstanding principle that only Congress can waive an executive agency's sovereign immunity."); *Williams v. U.S. Dist. Court for Dist. Of Newark, N.J.*, 455 F. App'x 142, 143 (3d Cir. 2011) ("Congress did not waive the sovereign immunity of the United States in the FDCPA."); *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("[B]ecause the FDCPA does not contain an unequivocal and express waiver of sovereign immunity, the district court correctly held that it lacked subject matter jurisdiction in this case."). "[T]o the extent Plaintiff requests damages for violation of his due process rights, sovereign immunity acts as a complete bar because federal agencies like [the Department of Education] have not waived their sovereign immunity in cases of constitutional torts." *Bright v. U.S. Dept. of Treas. Bureau of Fiscal Services*, 6:20-03381-CV-RK, 2021 WL 3084997, at *4 (W.D. Mo. July 21, 2021).

    **d. The Treasury Offset Program and Internal Revenue Service**

"The Treasury Offset Program ("TOP") is a federal program, governed by the Debt Collection Act of 1982 and Debt Collection Improvement Act of 1996, that allows the Department of the Treasury ("Treasury") to collect delinquent non-tax debts owed to the federal government."  *Adigun v. IRS*, 20CV03676ATSN, 2021 WL 4709751, at *1 (S.D.N.Y. July 27, 2021), *report and recommendation adopted*, 20 CIV. 3676 (AT), 2021 WL 4219664 (S.D.N.Y. Sept. 16, 2021); 31 U.S.C. § 3716(a).  The Treasury collects these non-tax debts by withholding funds that would otherwise be paid to an individual by other federal agencies, including Social Security payments or tax refunds.  Section 6402(d) of Title 26 provides, in relevant part,

> (d) Collection of debts owed to Federal agencies.--
>
> (1) In general.--Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt …, the Secretary shall—
> (A) reduce the amount of any overpayment payable to such person by the amount of such debt;
> (B) pay the amount by which such overpayment is reduced under subparagraph (A) to such agency; and
> (C) notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt.
>
> 26 U.S.C. § 6402(d).

Congress expressly prohibited courts from reviewing reductions by enacting 26 U.S.C. § 6402(g).  Section 6402(g) provides:

> (g) Review of reductions.-- No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f). No such reduction shall be subject to review by the Secretary in an administrative proceeding.
> 26 U.S.C. § 6402(g).

Courts have interpreted 26 U.S.C. § 6402(g) as evidence Congress did not intend to waive sovereign immunity as to claims against the Treasury related to the Treasury

Offset Program.  *See, Richardson v. Baker*, 663 F. Supp. 651, 653 (S.D.N.Y.1987) (dismissing claims based on offset program against Treasury for lack of subject matter jurisdiction); *Conklin v. U.S. Dept. of Treas.*, 1:21-CV-00137-SPB, 2022 WL 2835708, at *2 (W.D. Pa. July 7, 2022), *report and recommendation adopted*, 1:21-CV-137, 2022 WL 2834250 (W.D. Pa. July 20, 2022)("Because [the plaintiff's] claim [against the Treasury and IRS] relates to an offset of a tax refund, this Court lacks jurisdiction to hear the matter under § 6402(g)"); *Taylor v. United States,* No. 09-cv-02393 (PHX) (DCG), 2011 WL 1843286, at *2 (D. Ariz. May 16, 2011) ("26 U.S.C. § 6402(g) deprives the Court of jurisdiction over Plaintiff's claims against the Treasury and the Internal Revenue Service challenging the interception of his income tax refunds.").  "A party seeking redress in federal court for allegedly improper offset payments by the Treasury Department must first exhaust all administrative remedies."  *Ohan v. Schmidt*, 3:22-CV-00182-JMK, 2023 WL 2647533, at *3 (D. Alaska Mar. 27, 2023); *Bright v. U.S. Dep't of Treasury*, No. 6:18-03090-CV-RK, 2018 WL 4926307, at *2 (W.D. Mo. Oct. 10, 2018) (dismissing for lack of subject matter jurisdiction claim for return of social security benefits offset by Treasury Department because plaintiff failed to exhaust his administrative remedies), *aff'd* No. 18-3417, 2019 WL 2152671 (8th Cir. May 13, 2019).

If an individual files a joint tax return but is not responsible for the debt that is subject to an offset because it is owed by a spouse, the individual may request a portion of the refund returned by filing Form 8379 (Injured Spouse Allocation).  *See*, IRS Injured Spouse Allocation Form No. 8379, Internal Revenue Service, https://www.irs.gov/forms-pubs/about-form-8379 (last visited June 1, 2023).  "In general, 'injured spouse' relief occurs in situations where the IRS attempts to use an overpayment due under a joint

11

return of a husband and wife to offset a separate and independent liability owed to the government by one of the spouses." *Ruscitto v. U.S.*, CIV.A. 11-824, 2013 WL 3746048, at *5 (W.D. Pa. Apr. 8, 2013), *report and recommendation adopted as modified*, CIV.A. 11-824, 2013 WL 2422794 (W.D. Pa. May 31, 2013), *aff'd*, 629 Fed. Appx. 429 (3d Cir. 2015)(summary order).

### e. Bankruptcy Code § 105(a)

Section 105(a) of the Bankruptcy Code provides, in relevant part, that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). It is well established, "that [§] 105(a) limits the bankruptcy court's equitable powers, which must and can only be exercised within the confines of the Bankruptcy Code" and does not authorize a bankruptcy court "to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity." *In re Speer*, 618 B.R. 380, 386 (Bankr. D. Conn. 2020)(*citing, In re Kalikow*, 602 F.3d 82, 96–97 (2d Cir. 2010)); *see also, In re Man Kit Ng*, 11-46867-CEC, 2018 WL 3956608, at *2 (Bankr. E.D.N.Y. Aug. 14, 2018)("Section 105 may provide a basis to impose sanctions, but only against bad-faith conduct and only when it is tied to a specific provision of the Bankruptcy Code, rather than to further the purposes of the Code generally ... and not merely [tied] to a general bankruptcy concept or objective.")(*quoting In re Smart World Techs., LLC*, 423 F.3d 166, 184 (2d Cir. 2005)).

### f. The Tucker Act and the Little Tucker Act

The Tucker Act, 28 U.S.C. § 1491(a)(1), grants the Federal Court of Claims jurisdiction "[t]o render judgment upon any claim against the United States founded either

12

upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). But as the Supreme Court explained, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976); *see United States v. Navajo Nation (Navajo II)*, 556 U.S. 287, 290 (2009) (noting the Tucker Act does not create a substantive right but acts simply as a "jurisdictional provision[ ] that operate[s] to waive sovereign immunity for claims premised on other sources of law). "Thus, to establish jurisdiction, a plaintiff must identify a separate source of law that 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Greene v. U.S.*, 22-1064, 2023 WL 3072565, at *2 (Fed. Cl. Apr. 25, 2023)(*citing, Navajo II*, 556 U.S. at 290).

The Little Tucker Act provides concurrent jurisdiction to the district courts and the Court of Federal Claims over suits "not sounding in tort" against the United States for $10,000 or less founded upon the Constitution, any act of Congress, or any express or implied contract with the United States and waives sovereign immunity for these claims. *See*, 28 U.S.C. § 1346(a)(2). "[A] plaintiff bringing a claim under [the Little Tucker Act] must identify some statute, regulation, or contractual provision that provides for payment of money damages in the event of a breach." *Doe v. U.S.*, 815 Fed. Appx. 592, 596 (2d Cir. 2020)(summary order)(*citing, Testan*, 424 U.S. at 398). The Supreme Court has explained that the Little Tucker Act cannot be used to circumvent the provisions of the

13

Internal Revenue Code, or the regulations established by the Treasury as to claims for refunds and credits. *United States v. Dalm*, 494 U.S. 596, 601–02 (1990)(noting 26 U.S.C. § 7422(a) sets limits on a taxpayer's right to bring a refund suit). In *Dalm*, the Supreme Court concluded the Little Tucker Act could not form the basis of a suit where the taxpayer had failed to comply with §§ 7422(a) and 6511(a) of Title 26 regardless of whether the tax was alleged to have been "erroneously," "illegally," or "wrongfully collected." *Dalm*, 494 U.S. at 620; s*ee also*, *Humphrey v. IRS*, 22-1052, 2022 WL 17728194, at *1 (2d Cir. Dec. 16, 2022)(affirming dismissal of *pro se* complaint alleging violation of due process rights by IRS allegedly stealing his tax returns for ten years on basis of sovereign immunity and failure to exhaustive administrative remedies).

V.    DISCUSSION

### *Sovereign Immunity Has Not Been Waived under the FDCPA*

Here, Mr. Thompson bears the burden to establish jurisdiction exists. Where it does not exist, the court must dismiss. The complaint cites to the FDCPA as the basis for this court's jurisdiction over Mr. Thompson's claims. The IRS and DOE correctly contend however, that the United States – and its agencies and departments – are immune from suit unless there has been express waiver of sovereign immunity. There is no basis to diverge from the well-established precedent that the United States is immune from suit for claims under the FDCPA because of a lack of express waiver of sovereign immunity. Because the plaintiff has failed to show that the United States waived its sovereign immunity under the FDCPA as to claims against the IRS and the DOE, this court lacks jurisdiction. Accordingly, the plaintiff's claims against the IRS and the DOE

will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, made applicable here through Fed.R.Bankr.P. 7012.

### *Government Agencies are not Debt Collectors Under the FDCPA*

Notwithstanding the lack of an express waiver of sovereign immunity, the plaintiff's FDCPA claims also fail because the IRS and DOE, as government agencies, do not fall within the definition of a "debt collector" under the FDCPA. *See*, 15 U.S.C. §1692a(6)(C). The plaintiff has not cited, and the court has not independently found, authority supporting the idea that government agencies fall within the definition of a debt collector under the FDCPA. The court joins the majority of courts concluding government agencies do not fall within the definition of a debt collector under the FDCPA. Accordingly, the plaintiff's FDCPA claims fail as a matter of law.

### *Congress Specifically Precluded Suit*
### *against IRS for Claims related to Treasury Offset Program*

Apart from the lack of a waiver of sovereign immunity under the FDCPA, the plaintiff's claims against the IRS are barred by § 6402(g) of Title 26 (barring courts from hearing claims to review or reduce offsets). Here, the plaintiff claims the IRS improperly misappropriated tax refunds by reducing a tax refund by the amounts the plaintiff owed to the DOE for unpaid student loans. But there is no jurisdiction for claims against the actions of the IRS in offsetting the plaintiff's tax refunds (or plaintiff's spouse's refunds) based on the DOE debt. And, while 26 U.S.C. § 6402(g) allows a legal action directly against the federal agency to which the offset was paid or the debt owed (here, the DOE) the claims cannot proceed against the IRS. For the absence of doubt, while § 6402(g) may not preclude claims against the DOE, this court still lacks jurisdiction to hear those claims in this case because the plaintiff's assertion of jurisdiction under the FDCPA fails.

15

To the extent the plaintiff has claims against the DOE, there must be an independent basis for the court's jurisdiction and that jurisdiction is not found in the FDCPA. But the plaintiff has not identified any statute under which the DOE has waived its immunity from suit for monetary damages. Accordingly, the plaintiff's claims must be dismissed for a lack of jurisdiction.

### *The Tucker Acts Do Not Provide Jurisdiction for This Court*

At a minimum, the plaintiff's complaint seeks damages of $18,000 and at most he seeks damages exceeding $180,000. The Little Tucker Act only provides concurrent jurisdiction to district court for claims less than $10,000. Claims in excess of this amount must be brought in the Court of Federal Claims pursuant to the Tucker Act. Additionally, the Little Tucker Act refers to claims "not sounding in tort." To the extent the plaintiff's claims sound in tort, specifically negligence and recklessness, those claims cannot be brought under the Little Tucker Act. *See*, AP-ECF No. 1, ¶¶ 45-47, AP-ECF No. 29, p. 10-12. To the extent the claims do not sound in tort, the plaintiff must still provide a statutory basis for a claim of monetary damages against the IRS or DOE, which for the reasons stated the plaintiff has not done. The court concludes neither the Tucker Act nor the Little Tucker Act provide a basis for this court's jurisdiction over the plaintiff's claims.

### *Bankruptcy Code § 105(a) Does Not Provide This Court with Jurisdiction*

The plaintiff's assertion of jurisdiction under Bankruptcy Code § 105(a) is without merit. The plaintiff has not cited to a specific provision of the Bankruptcy Code that encompasses his right to proceed on the claims asserted. And, Bankruptcy Code § 105(a) is not an independent basis for jurisdiction. There is no bankruptcy purpose to the claims asserted here – there is no allowance of a proof of claim to be adjudicated, no

16

dischargeability of a debt to be considered, or asset of the estate to be turned over.[3] See generally, 28 U.S.C. § 157(b)(2). The court concludes § 105(a) is not properly invoked as a basis for jurisdiction for the plaintiff's claims.

### *The Plaintiff Cannot Assert Claims On Behalf of His Spouse*

Any claims held by the plaintiff's spouse must be dismissed as she is not a party, and the plaintiff cannot sue on her behalf. Throughout the plaintiff's objection he notes he is seeking an accounting of what is owed on his student loans and to separate what he owes from what his wife may be entitled to for a tax overpayment or refund. The plaintiff admits the income tax refunds at issue were earned by his wife. AP-ECF No. 29, p. 11. The problem for the plaintiff however is his wife is not a party to this action and any claims on her behalf must be dismissed.

## VI.    CONCLUSION

The FDCPA does not provide a basis for jurisdiction for the plaintiff's claims against the DOE and IRS. The plaintiff's claims are not saved by reference to Bankruptcy Code § 105(a) or the Tucker Acts. Because the plaintiff identifies no other basis for the bankruptcy court to exercise jurisdiction over his claims, the claims will be dismissed. All other arguments have been considered and found to be without merit. The time within which a party may file an appeal of a final order of the bankruptcy court is fourteen (14) days after it is entered on the docket. *See*, Fed.R.Bankr.P. 8002(a)(1).

Accordingly, it is hereby

---

[3] To the extent these claims constituted an asset of the estate, the Chapter 7 Trustee would be the proper plaintiff to bring any claims or seek a turnover of property of the estate.

ORDERED: The defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Bankr.P. 7012, AP-ECF No. 22, is GRANTED, and it is further

ORDERED: The plaintiff's complaint, AP-ECF No. 1, is DISMISSED and a judgment of dismissal shall enter; and it is further

ORDERD: This adversary proceeding case shall be closed.

Dated this 2nd day of June, 2023, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut